## In re: GENERAL MILLS, INC., YO-PLUS YOGURT PRODUCTS MARKETING AND SALES PRACTICES LITIGATION.

### MDL No. 2169.

United States Judicial Panel on Multidistrict Litigation.

June 8, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, Jr., FRANK C. DAMRELL, Jr., and BARBARA S. JONES, Judges of the Panel.

### ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Defendants General Mills, Inc., and its subsidiary Yoplait USA, Inc. (collectively General Mills) have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Southern District of Florida. Plaintiffs oppose the motion, arguing that alternatives to centralization are available to avoid duplicative efforts. If the Panel deems centralization appropriate, plaintiffs support the Southern District of Florida or suggest the Northern District of Ohio.

This litigation currently consists of four actions pending as follows: an action each in the Central District of California, the

Southern District of Florida, the District of New Jersey, and the Northern District of Ohio, as listed on Schedule A.

The case for centralization has some facial appeal. After all, the four actions before the Panel do share some factual questions regarding General Mills's nationwide marketing of its Yo–Plus and/or Yo–Plus Light yogurt. However, we are not convinced that these common factual questions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time. Filed more than a year ago, the Southern District of Florida action is already certified as a statewide class of all persons who purchased Yo–Plus yogurt in Florida to obtain its claimed digestive benefits. This ruling is currently on interlocutory appeal before the Eleventh Circuit. The other three actions seek similar putative statewide classes encompassing consumers from different states. Accordingly, the certified and putative classes will likely not overlap significantly. Because all plaintiffs are represented by mostly common counsel and General Mills is the sole defendant, the parties have every ability to cooperate and minimize the possibilities of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

### SCHEDULE A

MDL No. 2169 — **IN RE: GENERAL MILLS, INC., YOPLUS YOGURT PRODUCTS MARKETING AND SALES PRACTICES LITIGATION**

*Central District of California*

*Jeremiah Johnson v. General Mills, Inc.,* et al., C.A. No. 8:10–61

*Southern District of Florida*

*Julie Fitzpatrick v. General Mills, Inc.,* et al., C.A. No. 0:09–60412

*District of New Jersey*

*Nipul S. Amin v. General Mills, Inc.,* et al., C.A. No. 2:10–305

*Northern District of Ohio*

*Melissa Brock v. General Mills, Inc.,* et al., C.A. No. 1:10–60